# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAMES T. MOORE, III and DIANE MOORE § § § § § § § § § § § § § § § § § § § § v. AMERIQUEST MORTGAGE COMPANY; THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE ALT-A TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-5; THE ALT-A TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-5; WELLS FARGO BANK, N.A.; STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.; AMERICA'S SERVICING COMPANY; and EMC MORTGAGE, L.L.C. | Civil Action No. 4:16-CV-00380 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand (Dkt. #19). Having reviewed the relevant pleadings and motion, the Court finds that the motion should be denied.

## BACKGROUND

This case arises from the attempted foreclosure of Plaintiffs' property in Fannin County, Texas. On March 24, 2005, Plaintiffs obtained a $124,000 home equity mortgage from Ameriquest Mortgage Company ("Ameriquest") secured by Plaintiffs' principal residence. The original note on the property was secured by a Deed of Trust in favor of Ameriquest. On July 3, 2012, Ameriquest purportedly assigned the Deed of Trust to EMC Mortgage Corporation. On July 25, 2016, EMC purportedly assigned the Deed of Trust to the Bank of New York ("BONY" or "Trustee") as Trustee for the Bear Stearns ALT-A Trust Mortgage Pass-Through Certificates, Series 2005-5 ("Trust"). On April 6, 2016, the 336th District Court in Fannin County, Texas,

signed an order allowing foreclosure of the property in favor of BONY. On April 12, 2016, BONY sent Plaintiffs a notice of sale for May 3, 2016.

On April 29, 2016, Plaintiffs filed a lawsuit in the 336th District Court against Defendants (Dkt. #7). Plaintiffs alleged causes of action for: (1) declaratory relief for lack of standing to foreclose; (2) quiet title; (3) trespass to try title; (4) slander of title; (5) violation of section 12.002 of the Texas Civil Practice and Remedies Code; (6) negligence per se; (7) gross negligence; (8) money had and received; and (9) common law fraud. On May 9, 2016, Defendant Wells Fargo received a copy of citation and petition (Dkt. #1, Exhibit C-3). On May 31, 2016, Defendants filed an answer in the 336th District Court in Fannin County (Dkt. #8).

On June 8, 2016, Defendants filed a Notice of Removal in this Court based on diversity of citizenship (Dkt. #1). On July 21, 2016, Plaintiffs filed a Motion to Remand (Dkt. #19). On August 16, 2016, Defendants filed a response (Dkt. #26). On August 22, 2016, Plaintiffs filed a reply (Dkt. #27).

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "[T]he removing party bears the burden of proving that the facts of the case are adequate to establish federal jurisdiction." *Powell v. Nat'l Action Fin. Serv., Inc.*, No. H050806, 2005 WL 1866150, at *2 (S.D. Tex. Aug. 4, 2005) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). "The removing party must establish 'that federal jurisdiction exists and that removal was proper.'" *Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d 595, 597–98

(W.D. Tex. 2008) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "Any doubts as to the propriety of removal should be resolved in favor of remand." *Id.* at 598 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Whether a party is [formal or] 'nominal' for removal purposes depends on 'whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . .'" *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).

"To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)).

"An alternate articulation of the test is whether or not a named party's 'role in the law suit is that of a depositary or stakeholder.'" *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 367 (5th Cir. 2006) (quoting *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327). The Court takes "practical considerations into account in making this determination." *Id.* at 367. The Court's analysis is not "dependent on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant." *In re Beazley Ins. Co.*, No. 09–20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (citing *Union Oil Co.*, 458 F.3d at 367). The result of the

analysis will depend "on the facts in each case." *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327 (citing *Boeing Airplane Co. v. Aeronautical Indus.*, 91 F. Supp. 596 (W.D. Wash. 1950)). "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing [or non-diverse] defendant in state court." *Farias*, 925 F.2d at 872. The Court must "look to whether a party was nominal at the time of removal rather than considering any subsequent events." *In re Beazley Ins. Co.*, 2009 WL 7361370, at *4.

## ANALYSIS

The only material dispute in this motion to remand is the citizenship of the Trust according to the Supreme Court's directive in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). Plaintiffs argue that diversity is lacking because Defendants have not proven the citizenship of all of the members of the Trust (Dkt. #19 at p.10). Defendants argue that the Trust's citizenship is determined solely by the citizenship of the Trustee, BONY (Dkt. #26 at p.11).

### *Americold*

In March of 2016, the Supreme Court decided *Americold* in an attempt to resolve confusion among the courts of appeals in determining the citizenship of a trust. First, *Americold* clarified prior holdings by stating:

> *Navarro* had nothing to do with the citizenship of [a] "trust." Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person.

136 S. Ct. at 1016 (citations omitted). The Supreme Court went on to hold that the trust label is not dispositive on the issue of citizenship. *Id.* The Supreme Court further explained that traditionally, trusts were only fiduciary relationships where the trustee holds trust property for the beneficiaries (a "traditional trust"). *Id.* When a traditional trust is sued in its own name, only

4

the trustee's citizenship matters for diversity purposes. *Id.* However, when a trust operates as a separate legal entity, then the trust is treated like an unincorporated association. *Id.* Therefore, when the trust is sued in its own name, it takes the citizenship of each of its members. *Id.* Here, the parties do not dispute whether the Trust has been alleged as a party to the suit (*See* Dkt. #26 at pp.14–15). Therefore, the question for the Court is whether the Trust is a traditional trust or a separate legal entity under state law. *Americold*, 136 S. Ct. at 1016.

### Legal Status of the Trust

Under the law of the forum, the term "trust" refers to a fiduciary relationship governing the trustee with respect to the trust property. *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996). "The general rule in Texas (and elsewhere) is that suits against a trust must be brought against its legal representative, the trustee." *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006). Since a trust is not a legal entity, for relief to be granted against a trust, the trust must be made a party to the action by suing the trustee. *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, no pet.). However, merely including the word "trust" in a party's name does not make it a trust. *Americold*, 136 S. Ct. at 1016; *see also* TEX. PROP. CODE ANN. § 111.003(3); TEX. BUS. ORGS. CODE ANN. § 200.001, *et. seq*. These "business trusts," also called "Massachusetts Trusts" or "common law trusts," are treated as unincorporated entities that have standing to sue in their own right. *Loomis Land & Cattle Co. v. Diversified Mortg. Inv'rs*, 533 S.W.2d 420, 426 (Tex. Civ. App.—Tyler 1976, writ ref'd n.r.e.). Whether or not a so-called "trust" is a fiduciary relationship or a legal entity is determined by the laws under which it is formed. *See Americold,* 136 S. Ct. at 1016.

Plaintiffs argue that the Trust is a business trust under New York law because New York statutes define a business trust as an "association operating a business" divided into shares

5

represented by certificates. As a business trust, Plaintiffs argue that the Trust is in fact a separate legal entity with the capacity to sue and be sued in its own right. Thus, Plaintiffs argue that the citizenship of the Trust is that of all of its members/beneficiaries and that Defendants have failed to meet their burden on removal because they have not proven the citizenship of each member of the Trust (Dkt. #19 at pp.7–10).

Defendants argue that removal is proper because the Trust is a traditional trust under New York law. As a traditional trust, the citizenship of the trust is determined by the citizenship of its trustee, BONY. *Americold*, 136 S. Ct. at 1016. BONY is a New York citizen because its place of incorporation and principal place of business are in New York. Further, Defendants argue that the Trust is a nominal party or fraudulently joined because it is not a real party to the controversy (Dkt. #26 at pp.6–11).

In reply, Plaintiffs argue that the Supreme Court denounced the "real party in controversy" test for determining citizenship in *Americold*, and as a result, courts must accept the parties named in the complaint as the real parties to the controversy; that BONY has admitted that similar trusts are not traditional trusts; the Pooling and Servicing Agreement ("PSA") gives rights not ordinarily granted to trust beneficiaries; and that the Trust was created as a means of making profit (Dkt. #27 at p.2).

Despite seemingly clear statutes, New York case law acknowledges the difficulty of determining what sort of entity or relationship is created by a trust agreement. *Brown v. Bedell*, 188 N.E. 641, 644 (N.Y. 1934); *see also France v. Thermo Funding Co.*, 989 F. Supp. 2d 287, 296 (S.D.N.Y. 2013). Whether a trust agreement creates a distinct legal entity "depends upon the way in which the trustees are to conduct the affairs committed to their charge." *Brown*, 188 N.E. at 643. If the relationship between the beneficiary and the trustee is one of principal to agent, the

agreement may reflect an unincorporated association. *Id.* On the other hand, if the trustee acts independently as a principal for the benefit of the beneficiary, a fiduciary relationship is created. *Id.* Neither conducting a business nor the existence of transferable shares is dispositive. *Id.*

Here, the parties have provided the Court with the PSA creating the Trust.[1] Plaintiffs cite to six powers that Certificateholders have which ordinary beneficiaries of a traditional trust do not: (1) the power to trigger an "Event of Default" (PSA at § 8.01(ii)); (2) the power to waive a default (PSA at § 8.04); (3) the right to remove the Trustee (PSA at § 9.08(c)); (4) the power to amend the PSA (PSA at § 11.02(b)); (5) the right to sue (PSA at § 11.04(c)); and (6) the right to amend the terms of the Service Agreement (*See* Sample of Certificates). Plaintiffs further cite to the profit motive of the Trust as a reason for making it a business trust.

As Defendants note, the PSA assigns to the Trustee all of the "Mortgage Loans and the other assets comprising the Trust Fund" (PSA at § 2.05(a)). Further, the PSA limits the rights of the Certificateholders. For example, the Certificateholders may not initiate lawsuits or intervene in the affairs of the Trust without first notifying the Trustee, offering to indemnify the Trustee for costs, and giving the Trustee an opportunity to initiate the action itself (PSA at § 11.04(c)). The PSA even explicitly says that nothing in the PSA shall be construed "so as to establish the Certificateholders from time to time as partners or members of an association" (PSA at § 11.04(b)).

The Court finds that the Trust is a traditional trust. A traditional trustee, as is true here, holds legal title and with it the power to hold, manage, and dispose of Trust assets. *Navarro*, 446 U.S. at 464. Ultimately, the Certificateholders have no independent authority over the Trustee to control the way in which the Trustee manages the assets. The only substantive power the

---

[1] The PSA may be found on the SEC's public website at:
https://www.sec.gov/Archives/edgar/data/1328594/000106823805000375/bsalta053105psa-exh.htm.

Certificateholders have independent of the Trustee is the power of removal (PSA at § 9.08(c)). While that power is not insignificant, it does not control the management and disposal of assets. Further, a profit motive is not determinative of a business trust. *Brown*, 188 N.E. at 643. A trust may be created for "any lawful purpose," including making a profit. N.Y. EST. POWERS & TRUSTS LAW § 7-1.4. Therefore, Defendants have proven that the Trust is a traditional trust under long-standing New York law.

Plaintiffs rely on *Juarez v. DHI Mortgage Co.* to argue that the mere fact that the Trust is sued separately from the Trustee makes the citizenship of all the Trust's members relevant for diversity purposes. Civil Action H-15-3534, 2016 WL 3906296, at *2 (S.D. Tex. July 19, 2016). The Court disagrees. *Juarez* was a case about the burden of proof on removal. *See id.* at *3. In *Juarez*, the court stated that when a trust is sued under its organizational name, then the court must determine whether the trust is a traditional or business trust. *Id.* at *2. The court determined that the trust was sued as a separate defendant from the trustee because it was alleged "that the trust itself wrongfully foreclosed on Juarez's property." *Id.* at *3. The court did not analyze whether the cause of action against the trust was viable or if the trust was ultimately a nominal party. *See id.* Rather, the court remanded the case because defendants did not meet their burden of proving jurisdiction by even attempting to classify the trust as a traditional trust or business trust. *Id.* As a result, the court could not determine the trust's citizenship. *Id.* The instant case is different than *Juarez* because Defendants have proven that the Trust is a traditional trust and thus only the citizenship of the Trustee is relevant.

Plaintiffs finally argue that the Court should allow offensive collateral estoppel to find the Trust in this case is a business trust (Dkt. #27 at p.2). The Court rejects this argument

because it is based on cases governed by different PSAs and it is unclear whether BONY even "admitted" to being a business trust.

For the foregoing reasons, the Court agrees with other federal courts in Texas analyzing similar facts and finds that the Trust is a traditional trust.[2] When a traditional trust is sued in its name, then only the trustee's citizenship matters for jurisdictional purposes. *Americold*, 136 S. Ct. at 1016; *see also Juarez*, 2016 WL 3906296, at *2. The Court accepts the parties' agreement that complete diversity otherwise exists among the parties. Therefore, there is complete diversity and jurisdiction is proper under 28 U.S.C. §§ 1441 and 1332.

## Nominal Party

Once the Court determines that a "trust" is a traditional trust, the only citizenship that matters is that of the trustee and the analysis ends. *Americold*, 136 S. Ct. at 1016. Even if there is no need to analyze whether the trust is a nominal party, the Court finds that the Trust would be a nominal party and may be disregarded for purposes of diversity.

The real party in interest in this case is the Trustee, BONY. The Court must focus its analysis on what relief Plaintiffs are seeking in this case. Plaintiffs seek declaratory and monetary relief for claims arising from the improper transfers of Plaintiffs' loan and title from Ameriquest to BONY. The ultimate test for a nominal party is whether that party is necessary in order for a plaintiff to obtain the relief sought. *Farias*, 925 F.2d at 872. If the Trust were not a party, the Court could enter a final judgment, against BONY, giving Plaintiffs all the relief they have requested. Therefore, the Trust is a nominal party. The Court thus disregards the citizenship

---

[2] *See, e.g., May v. New Century Mortg. Corp.*, Civil Action No. H-16-1272, Doc. 46 (S.D. Tex. Sept. 19, 2016) (finding Trust granting beneficiaries limited additional rights was still a traditional trust and thus a nominal party to the suit); *Richardson v. U.S. Bank, N.A.*, No. 3:16-cv-2434-N-BN, Doc. 22 (N.D. Tex. Sept. 30, 2016) (finding the Trust was a nominal party when plaintiff sued for improper management and disposition of plaintiffs' loan).

of the Trust and accepts the undisputed citizenship of the remaining parties. Therefore there is complete diversity of citizenship between the parties.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Remand (Dkt. #19) is hereby **DENIED** and the Bear Stearns ALT-A Trust Mortgage Pass-Through Certificates, Series 2005-5 is **DISMISSED** as a nominal party.

**SIGNED this 24th day of October, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE