# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES T. MOORE, III AND DIANE MOORE, § § § § Plaintiffs, § § v. § § AMERIQUEST MORTGAGE COMPANY, ET AL., § § § Defendants. § § | **CIVIL ACTION NO. 4:16CV380** **JUDGE MAZZANT/JUDGE JOHNSON** |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 17, 2017, the Report of the Magistrate Judge (Dkt. #74) was entered containing proposed findings of fact and recommendations that Defendants Wells Fargo Bank, N.A., the Bank of New York Mellon, fka The Bank of New York as Successor in interest to JPMorgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 ("Trustee"), and America's Servicing Company's (collectively, the "Wells Fargo Defendants'") Motion to Dismiss Amended Complaint (Dkt. #51) and Ameriquest Mortgage Company's ("Ameriquest's") Motion to Dismiss (Dkt. #54) be granted, and the Wells Fargo Defendants' Motion for Summary Judgment (Dkt. #67) and Ameriquest's Motion for Summary Judgment (Dkt. #69) be denied as moot. Having received the Report of the Magistrate Judge (Dkt. # 74), having considered each of Plaintiffs' timely filed objections (Dkt. #78), having considered the Wells Fargo Defendants' Response (Dkt. #84), and

having conducted a *de novo* review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's Report (Dkt. # 74) as the findings and conclusions of the Court.

**BACKGROUND**

On April 29, 2016, Plaintiffs James T. Moore, III and Diane Moore filed suit in the 336th Judicial District Court in Fannin County, Texas, in relation to real property located at 1907 West Hardin Circle, Bonham, Texas 75418 (the "Property") (Dkt. #3). On June 8, 2016, Defendants removed the case to this Court (Dkt. #1), and Plaintiffs filed their First Amended Complaint, the live pleading, on November 15, 2016 (Dkt. #49).

Plaintiffs allege they executed a promissory note made payable to Ameriquest that was secured by a deed of trust on or about March 24, 2006 (the "Deed of Trust"). *See* Dkt. #49 at 3. On June 8, 2012, Ameriquest assigned the Deed of Trust to EMC Mortgage Corporation, and on May 29, 2012, EMC Mortgage Corporation assigned the Deed of Trust to Trustee (collectively, the "Assignments"), *See* Dkts. #49-5, 49-6. Both were recorded in the Official Public Records of Fannin County, Texas on August 1, 2012. *See id.* Plaintiffs allege that on April 6, 2016, the 336th District Court of Fannin County signed an "Order Allowing Foreclosure" of the Property in favor of Trustee after Trustee filed a Texas Rule of Civil Procedure 736 Application to the court (the "Rule 736 Application"). *See* Dkt. #49-2.

Plaintiffs filed the instant suit alleging fraud and forgery in the Rule 736 Application, and they allege the dates and signatures on the Assignments show the Assignments were "frauds and forgeries. *See* Dkt. #49 at 4-5. On November 21, 2016, the Wells Fargo Defendants' filed their motion to dismiss (Dkt. #51). Ameriquest filed its motion to dismiss on November 22, 2016 (Dkt. #54). On December 12, 2016, Plaintiffs filed a combined response to Defendants' motions to

dismiss after the Magistrate Judge granted Plaintiffs an extension to filed their response to the motions (Dkt. #64). The Wells Fargo Defendants filed a reply in support of their motion to dismiss on December 19, 2016 (Dkt. #66).

**ANALYSIS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). Plaintiffs object that the Magistrate Judge erred in dismissing Plaintiffs': (1) forgery allegations under the heightened pleading standards of Rule 9(b); (2) fraudulent lien claim under TEX. CIV. PRAC. & REM. CODE § 12.002; (3) quiet title claim; and (4) negligence claims. *See* Dkt. #78. In summary, the Magistrate Judge's Report specifically recommended:

(1) Plaintiffs lacked standing to challenge any violation of the Pooling and Services Agreement ("PSA) because they failed to allege they were parties to or intended third-party beneficiaries of the PSA. Further, Plaintiffs failed to adequately plead their assertions of forgery of fraud in the Rule 736 Application or the Assignments; thus, they are entitled to be dismissed. *See* Dkt. #74 at 4-6.

(2) Plaintiffs failed to adequately plead their fraudulent lien claim, and Plaintiffs lacked standing to challenge the Assignments; thus, Plaintiffs failed to state a claim upon which relief can be granted under TEX. CIV. PRAC. & REM. CODE § 12.002. *See id.* at 6-7.

(3) Plaintiffs improperly relied upon the weakness of Defendants' title in asserting their quiet title claim. Further, Plaintiffs failed to plead a proper ownership interest in the Property and making of tender of whatever amount is owed on the note. For these reasons, Plaintiffs failed to state a claim for their claims for quiet title and trespass to try title. *See id.* at 7-9.

(4) Plaintiffs slander of title claim is time barred. Further, Plaintiffs failed to plead with particularity what, if any, disparaging statements Defendants uttered and published about the state of title to the Property, and they do not allege a loss of specific sale of the Property due to uttered and published disparaging statements. Thus, Plaintiffs failed to state a claim upon which relief can be granted. *See id.* at 9-11.

(5) Plaintiffs negligence per se and gross negligence claims are time barred. Additionally, Plaintiffs allegations that Defendants were negligent per se pursuant to TEX. CIV. PRAC. & REM. CODE § 12.002 fails as a matter of law because it was already established the

> Assignments do not fall under the definitions provided under that statute. Further, Plaintiffs arguments that they are entitled to negligence based damages pursuant to TEX. GOV'T CODE § 192.007(a) and TEX. CIV. PRAC. & REM. CODE §§ 41.008(c)(8), (c)(12) fail as a matter of law. *See id.* at 11-13.

(6) Plaintiffs failed to sufficiently plead their money had and receive claim. *See id.* at 14.

(7) Plaintiffs failed to sufficiently plead their common law fraud claim. *See id.* at 14-16.

Plaintiffs do not state any specific objections as to the findings of the Magistrate Judge that Plaintiffs lack standing to challenge any violations of the PSA, dismissal of their trespass to try title claim, dismissal of their slander of title claim, dismissal of their money had and receive claim, and dismissal of their common law fraud claim. *See* Dkt. #78. The Court now addresses each of Plaintiffs' objections in turn.

**<u>Objection 1: Dismissal of Forgery Allegations</u>**

Plaintiffs first assert that the forgery allegations are not subject to Rule 9(b). *See id.* at 13. Plaintiffs argue that the cases the Magistrate Judge cites—from the Fifth Circuit and other Texas federal courts—are all recent cases that assume forgery and fraud are congruous without any analysis or justification for lumping the two (2) together. *See id.* Plaintiffs suggest that this Court should reject the binding precedent. *See id.* Plaintiffs arguments are similar as in their Response. *See* Dkt. #35. Further, Plaintiffs cite a case from the Southern District of New York supporting their argument that their set of facts should not be subject to the heightened pleading standard. *See* Dkt. #78 at 14. This case is not binding on the Court. The Court finds the heightened pleading standard does apply to Plaintiffs' forgery claim.

Plaintiffs argue, in the alternative, that even if their forgery claim is subject to the heightened pleading standard, Plaintiffs have properly met this standard. *See id.* Notwithstanding the Magistrate Judge's findings—which Plaintiffs did not challenge—that Plaintiffs lack standing to violations of a PSA to which they are not parties or intended third-party beneficiaries under

Texas or New York law (*see* Dkt. #74 at 5), Plaintiffs continue to cite to various cases—many of which are from different circuit courts with dissimilar factual situations—to support their claim for forgery. Regardless of Plaintiffs' many issues with alleged forgeries within the Assignments, they have failed to show that they have any standing. *See* Dkt. #78 at 17-19.

The Court notes that Plaintiffs' attorneys have made these arguments and objections with similar fact situations numerous times and have failed to succeed. *See Morgan v. Gov't Nat'l Morg. Ass'n*, 2016 WL 3058301, at *3-4 (S.D. Tex. May 31, 2016); *Martinez v. Universal Am. Mortg. Co.*, 2015 WL 12839152, at *2-3 (S.D. Tex. Mar. 13, 2015); *Lopez v. Sovereign Bank, N.A.*, 2014 WL 744746, *7-8 (S.D. Tex. Dec. 31, 2014); *Brinson v. Universal Am. Mortg. Co.*, 2014 WL 4354451, at *4 (S.D. Tex. Sept. 2, 2014); *Staten v. GE Money Bank, FSB*, 2014 WL 11697161, at *4-6 (S.D. Tex. May 13, 2014); *Lopez v. Sovereign Bank, N.A.*, 2014 WL 1315834, at *7-8 (S.D. Tex. Mar. 31, 2014); *Garnica v. Argent Mortg. Co., LLC*, 2014 WL 1338703, at *4 (S.D. Tex. Mar. 27, 2014) (motion to dismiss was proper because alleging assignments were forged based on altered dates was not enough to constitute a forgery claim); *Davis v. Countrywide Home Loans, Inc.*, 1 F. Supp. 3d 638, 642-44 (S.D. Tex. 2014); *Davis v. Silver State Fin. Servs.*, 2014 WL 713235, at *3-4 (S.D. Tex. Feb. 20, 2014); *Molin v. Fremont Inv. & Loan*, 2013 WL 6732043, at *2 (S.D. Tex. Dec. 19, 2013).

Plaintiffs further request an amendment to supplement their allegations. *See* Dkt. #78 at 20. Despite the fact that the deadline to amend complaints has more than two (2) months passed, Plaintiffs argue an "unfairness lies" in the fact that Plaintiffs need to properly plead forgery under Rule 9(b). *See id.* at 20. The Court finds no unfairness in declining Plaintiffs the ability to amend their pleadings nearly two (2) months before their final pre-trial conference, especially when they have already dealt with this situation time and time again. *See* Dkt. #34 at 1. Further, Plaintiffs

have already amended their complaint once after Defendants filed their first motion to dismiss on the original complaint. *See* Dkt. #50. Although Plaintiffs argue they only wish to add an additional cause of action for a violation under the Texas Constitution (*see* Dkt. #75 at 2), the Court finds Plaintiffs are attempting to delay the disposition of this case. Therefore, Plaintiffs objections as to the Magistrate Judge's findings as to the forgery allegations are overruled.

**Objection 2: Dismissal of Fraudulent Lien Clam Under Tex. Civ. Prac. & Rem. Code § 12.002**

Plaintiff argues the Court should reexamine its opinion in *Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, wherein the Court held that an assignment, appointment of substitute trustee, and foreclosure notices are not liens as defined under TEX. CIV. PRAC & REM. CODE § 12.002. *See* Dkt. #78 at 20 (citing 2015 WL 123756, at *5 (E.D. Tex. Jan 8, 2015)). Section 12.002 of TEX. CIV. PRAC. & REM. CODE requires a plaintiff to show a defendant made, presented, or used an assignment: (1) with knowledge it was a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) with the intent that the assignment be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of Texas or the United States or another entity listed in § 37.01 of the Texas Penal Code; and (3) with intent to cause the plaintiff physical or financial injury, or mental anguish or emotional distress.

Plaintiffs argue the Court previously erred in ruling that a mortgage assignment does not constitute a "lien" or "claim to an interest in real property." *See* Dt. #78 at 21. In *Lassberg*, the Court held that an assignment, appointment of substitute trustee, and foreclosure notices are not liens. *See* 2015 WL 123756, at *5. Plaintiffs urge the Court to follow the logic held in the Western District of Texas, where the court found that a deed of trust is an interest in real property, and the assignment of a deed of trust therefore creates a claim in that interest. *See Howard v. JP Morgan*

6

*Chase NA*, 2013 WL 1694659, at *12 (W.D. Tex. Apr. 8, 2013). The court in *Howard* followed the logic of a Texas Court of Appeals case affirming the entry of summary judgment under § 12.002(a) against homeowners who unilaterally drafted, signed, and filed a "Substitution of Trustee" document in an attempt to prevent a bank from lawfully foreclosing on a lien against their property. *See id.* (citing *Bernard v. Bank of Am., N.A.*, 2013 WL 441749 (Tex. App.—San Antonio Feb. 6, 2013, no pet.)). The Court declines to reevaluate its decision at this time, as these cases are only persuasive authority.

Regardless of whether the Assignments constitute a "lien" or "claim to an interest in real property" as defined under § 12.002, Plaintiffs still have failed to plausibly allege facts to indicate that Defendant made, presented, or used a fraudulent document. *See* Dkt. #49 at 32-33. Plaintiffs merely parrot the language of § 12.002(a), which is insufficient to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

Plaintiffs contend they adequately pleaded the intent element, and the Magistrate Judge placed an impossibly high burden on them. *See* Dkt. #78 at 22-23. Further, Plaintiffs state "[i]n *Bernard*, the court said, 'Without any supportive legal basis, the Bernards unilaterally drafted, signed, and filed the Substitution of Trustee document to prevent the Bank from foreclosing its lien.'" *See id.* at 23 (citing 2013 WL 441749, at *4). Plaintiffs reliance on this case is misplaced. In *Bernard*, the bank moved for summary judgment, and the Texas Court of Appeals affirmed the trial court's decision to grant summary judgment because the homeowners, the Bernards, filed a Substitution of Trustee document without any legal basis. This in no way supports Plaintiffs argument that they sufficiently pleaded their fraudulent lien claim. Thus, the Court finds this objection is meritless.

**Objection 3: Quiet Title Claim**

Plaintiffs argue that the Magistrate Judge erred in finding that: (1) a quiet title claim requires a plaintiff to recover on the strength of his own title; (2) Plaintiffs did not adequately plead legal title to the Property; and (3) tender was a pre-requisite to bring a quiet title claim. *See* Dkt. #78 at 23-27. As to Plaintiffs' first point of error, the Magistrate Judge followed Fifth Circuit precedent when it held that in a claim for quiet title, a plaintiff must prove and recover on the strength of its own title. *See Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). Although Plaintiffs argue federal courts have been hasty to dismiss borrower actions removed to federal courts and the Magistrate Judge wrongly followed this principle, the Fifth Circuit in *Warren* cited to a Texas Court of Appeals case when making its finding. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). Thus, Plaintiffs' first objection is overruled.

As to their second point, Plaintiffs again cite to the same cases as in their Response (Dkt. #64) to support that they have an ownership interest. *See Reeves v. Wells Fargo Home Mortg.*, 544 F. App'x 564, 568 (5th Cir. 2013); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 570-71 (S.D. Tex. 2012). These cases are distinguishable. Further, even if Plaintiffs were to have an ownership interest, they fail to plead sufficient facts to support the third element of quiet title: the claim although facially valid, is invalid or unenforceable. *See Rodriguez v. Bank of Am., N.A.*, 2013 WL 1773670, at *9 (W.D. Tex. Apr. 25, 2013). Plaintiffs' claim rests on the allegation that the Assignments and Rule 736 Application were fraudulent or contained forgeries. As previously stated, Plaintiffs lack standing to challenge the Assignments and Rule 736 Application; thus, Plaintiffs fail to state a claim for quiet title. *See id.*

Plaintiffs further argue a borrower is not required to make a tender. *See* Dkt. #78 at 26-27. Plaintiffs argue the Magistrate Judge erred by relying on a "botched" opinion from the Southern District of Texas when it held tender was required even before the sale of a property has occurred. *See id.* at 27. However, other federal cases have held that tender is a pre-requisite for a quiet title claim. *See Campo v. Bank of Am., N.A.*, 2016 WL 1162199, at * (S.D. Tex. Mar. 24, 2016), *appeal filed*, (5th Cir. Oct. 13, 2016); *Jemison v. CitiMortgage, Inc.*, 2015 WL 251754, at *2 (S.D. Tex. Jan. 20, 2015); *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012). Regardless, Plaintiffs have failed to state a claim upon which relief can be granted for their quiet title claim, even without considering whether or not tender is required under Texas law; thus, Plaintiffs' objection is overruled.

**<u>Objection 4: Negligence Claims</u>**

The Court notes Plaintiffs did not object to the Magistrate Judge's findings that the negligence claims are time barred. *See* Dkt. #74 at 12. For this reason alone, Plaintiffs' claims for negligence and gross negligence should be dismissed. However, the Court will briefly review Plaintiffs' objections.

Plaintiffs first object that the Magistrate Judge erred in dismissing Plaintiffs' negligence per se claims. *See* Dkt. #78 at 27-33. Plaintiffs lay out the factors developed by the Texas Supreme Court when making a determination if imposition of negligence per se liability is fair, workable, and wise. *See id.* at 28. Plaintiffs describe the factors in detail in attempts to persuade the Court to find negligence per se under the TEX. LOC GOV'T CODE § 192.007 and TEX. CIV. PRAC. & REM. CODE § 12.002. *See id.* at 27-33. Plaintiffs made similar arguments in their Response (Dkt. #64). The Court is not persuaded; thus, this objection is overruled.

Finally, Plaintiffs argue they have adequately pleaded their claim for gross negligence. *See id.* at 33. Because Plaintiffs failed in pleading their negligence claims, the Court finds their gross negligence claims must also be dismissed. This objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiffs' timely filed objections (Dkt. #78), having considered the Wells Fargo Defendants' Response (Dkt. #84), and having conducted a *de novo* review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #74) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the Wells Fargo Defendants' Motion to Dismiss Amended Complaint (Dkt. #51) and Ameriquest's Motion to Dismiss (Dkt. #54) is **GRANTED**, and the Wells Fargo Defendants' Motion for Summary Judgment (Dkt. #67) and Ameriquest's Motion for Summary Judgment (Dkt. #69) is **DENIED AS MOOT**, and Plaintiffs' claims against Defendants are **DISMISSED** with prejudice. All relief not previously granted is hereby **DENIED.**

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**
**SIGNED this 15th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE